Arch C. Berkeley, Jr., Berkeley & DeGaetani, Richmond, VA, for Creditor.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

**In re Rodney Roscell THOMAS, Vonda Kay Thomas, Chapter 13 Debtors.**

**Bankruptcy No. 97–31249–T.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

May 4, 1998.

*MEMORANDUM OPINION (AMENDED)*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Debtors move for reconsideration of the court's order entered March 20, 1998, which allowed the secured proof of claim of Haverty's Furniture. Haverty's counsel has filed a memorandum in opposition to debtors' motion. This opinion incorporates the court's order of March 20, 1998.

*Facts*

On May 12, 1997, the court entered an order confirming the debtors' chapter 13 plan. Debtors' plan was on the prescribed form required by Local Rule 3015–2 of the Eastern District of Virginia, and copies were mailed to all creditors. Paragraph B–4 of the plan provided for payment of Haverty's secured claim. The plan stated that Haverty's collateral security had a fair market value of $2,000.00 and provided for full payment of this sum with interest. To the extent that Haverty's proof of claim exceeded $2,000.00 it was treated as unsecured. The

plan further provided for payment of "at least 5%" of unsecured claims.

In addition to the form language, Par. B–4 contained the following additional statement, set out in bold print:

> **In accordance with 11 U.S.C. § 506(d), any claim of lien above the value of the secured claim shall be void, and liens shall be released upon payment of the value set forth below, or the indebtedness, whichever is less, or upon discharge if no proof of claim is filed.** [emphasis in original]

On June 9, 1997, Haverty's, which had not objected to confirmation of debtors' plan, filed a proof of claim in the total amount of $6,431.41. Of this sum the amount of $5,400.00 was claimed as secured and $1,031.41 was unsecured.

On January 8, 1998, debtors filed an objection to Haverty's claim which stated that the secured portion of the claim should not exceed $2,000.00 as was provided in the confirmed plan.

Following a hearing on the claim objection, the court entered an order on March 20, 1998, overruling debtors' objection and scheduling a valuation hearing. Debtors' present motion for reconsideration followed. Subsequently, the parties have stipulated that Haverty's collateral has a value of $4,500.00.

*Discussion And Conclusions*

In their reconsideration motion, debtors rely upon a recent 4th Circuit decision which upholds in the context of a chapter 11 bankruptcy case the "firm and longstanding" principle that a final order of a court having jurisdiction over the subject matter cannot be collaterally attacked by a party who had proper notice of the entry of the order. *See Spartan Mills v. Bank of America, Illinois,* 112 F.3d 1251, 1255 (4th Cir.) *cert. denied,* —— U.S. ——, 118 S.Ct. 417, 139 L.Ed.2d 319 (1997). *See also, Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Debtors thus assert that the order of confirmation that approved Haverty's secured claim at a value of $2,000.00 is res judicata and therefore takes precedence over Haverty's proof of claim. *See* 11 U.S.C. § 1327(a).

However, the holding in *Spartan Mills,* which concerned the finality of a bankruptcy court order in an adversary proceeding, is not dispositive of this case. Both that case and this involve issues of notice. The principal question here is whether by virtue of notice contained in debtors' chapter 13 plan, the claimant Haverty's had "due process notice" of the cramdown valuation of its secured proof of claim so as to give preclusive effect to the order confirming the plan. *See, Spartan Mills,* 112 F.3d at 1255.

The same issue was addressed in my prior decision of *In re Rodnok,* 197 B.R. 232 (Bankr.E.D.Va.1996), where this court held that the debtors' chapter 13 plan, which was in the form prescribed by our Local Rule 3015–2(A), did not contain sufficient notice to a secured creditor and therefore did not effect a "cramdown" of the secured claim at the value stated in the plan.[1] *Rodnok* held that the order confirming the plan did not displace the secured creditor's proof of claim, which asserted a higher collateral value than allowed in the plan. For this ruling the court relied upon *Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160 (4th Cir.1993), where under facts similar to those here the court of appeals ruled in the secured creditor's favor, holding that the secured creditor was entitled to notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 990 F.2d at 162.[2] The court of appeals cited

---

1. The plan form in use at the time of *Rodnok* was similar to the new form set out below but excluding the bold print collateral valuation language.

2. In the *Spartan Mills* opinion, the court of appeals sets out this quoted language, citing *Linkous,* among other sources. 112 F.3d at 1257. However, that opinion contains no other discussion of *Linkous,* a curious omission given the similarity of issues between the two cases. *Spartan Mills* also seems to sidestep the Fourth Circuit's much discussed earlier decision in *Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995). 112 F.3d at 1256. The court's seeming change of direction so as to uphold final bankruptcy court orders against collateral attack, undoubtedly

Bankruptcy Code § 506(a) and Fed. R. Bankr.P. 3012 as providing the framework for valuing collateral, noting that Rule 3012 provides that the court determine the value of a secured claim "after a hearing on notice to the holder of the secured claim." 990 F.2d at 162. Absent notice that the secured creditor's claim was to be valued in the plan confirmation process, the court held that the value of the creditor's proof of claim was not fixed by the plan. 990 F.2d at 163.

Thus in *Rodnok*, this court also held that the confirmed chapter 13 plan did not provide appropriate notice to the secured creditor of a valuation under Bankruptcy Rule 3012 and § 506(a) so as to fix the value of the claim. Following the court's ruling in *Rodnok*, the chapter 13 trustees of the Eastern District of Virginia suggested that the court consider changing the prescribed chapter 13 plan form so as to require debtors to include what would amount to appropriate "due process notice" of the valuation of secured creditors' claims. The proposed change would provide finality on any valuation issues in the chapter 13 confirmation order and facilitate the processing and payment of claims.

The court has recently adopted local rules changes which include the proposed modification to the chapter 13 plan form. Paragraph B-3 of the revised plan form provides the following:

> B-3. CREDITORS SECURED BY PROPERTY OTHER THAN REAL ESTATE—DEBTOR TO RETAIN COLLATERAL. Creditors whose claims are secured by property other than real estate whose collateral is to be retained by the debtor shall retain their liens and be paid as indicated below. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and security agreement creating such security interest.
>
> a. To be Paid in Full Through Trustee. Creditors named below whose claims are allowed will be paid the equivalent of 100%

of the present fair market value of their collateral not to exceed the balance of the obligation, in deferred cash payments. The excess of such a creditor's claim, over and above the fair market value of its collateral, will be paid as an unsecured claim.

> Creditor:
> Balance due: $
> Collateral description:
> Replacement value: $
> Source of valuation:
> Interest rate: %
>
> Balance due to be amortized by monthly payments through trustee of $_____ for _____ months.
>
> To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.
>
> ***The debtor hereby moves to value the collateral at $ ___ in accordance with 11 U.S.C. § 506(a), F.R.B.P. 3012, and L.B.R. 3015–2.*** [emphasis in original]

As set out in the court's findings of facts, the debtors' plan in this case has included the following additional notice to secured creditors, including Haverty's:

> **In accordance with 11 U.S.C. § 506(d), any claim of lien above the value of the secured claim shall be void, and liens shall be released upon payment of the value set forth below, or the indebtedness, whichever is less, or upon discharge if no proof of claim is filed.** [emphasis in original]

Although the more appropriate statutory reference would be § 506(a) rather than § 506(d), the debtors' plan notice to Haverty's is not all that different from the new notice in the revised court prescribed form set out above. I find the plan satisfied due process notice requirements to Haverty's in that the notice of valuation set out in the plan "was reasonably calculated" to give Haverty's ample notice of the fixing of the value of its secured claim at $2,000.00.[3]

stems from the Supreme Court's *Celotex* opinion, 514 U.S. at 300, 115 S.Ct. 1493.

Nevertheless, I find *Linkous* a more compelling authority than *Spartan Mills* in the instant case

because *Linkous* was a chapter 13 case involving the same valuation of collateral issue raised here.

**3.** Certainly the notice here is much more informative than the notice found to be inadequate by the court of appeals majority in *Linkous*. In

The court having concluded that Haverty's received proper notice of the valuation of its claim finds this case distinguishable from the ruling in *Rodnok.* Therefore the debtors' motion to reconsider will be granted. An order will be entered sustaining the debtors' objection to Haverty's secured proof of claim and allowing the claim only as it is provided for in the debtors' confirmed chapter 13 plan.

*Linkous,* creditors were sent only a notice of the hearing on confirmation and a summary of the debtor's chapter 13 plan; the summary made no mention of the valuation of the secured claim. 990 F.2d at 161. Even so, Circuit Judge Chapman filed a lengthy dissent, asserting that the creditor received notice which satisfied due process requirements. 990 F.2d at 163–66.

The court is mindful of the fact that in the instant case the debtors' chapter 13 plan valued Haverty's collateral at $2,000.00, whereas in the course of their objection to Haverty's proof of claim the debtors have stipulated a value of $4,500.00. What is significant under the new chapter 13 plan procedure adopted by the court  and under the judicial atmosphere seemingly advanced by *Celotex* and *Spartan Mills* is that creditors must make even more effort to keep themselves reasonably informed so that they may timely assert their rights in bankruptcy cases.