**In re Willie L. JOHNSON, Debtor.**

**No. CIV.A. 01–07290–W.**

United States Bankruptcy Court,
D. South Carolina.

Dec. 17, 2001.

Paul L. Held, Sumter, SC, for debtor.

William E. Calloway, Columbia, SC, Louise M. Johnson, Columbia, SC, for creditor.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion for Relief from Judgment or Order ("Motion") filed by Conseco Finance Servicing Corporation ("Conseco") pursuant to Federal Rule 60(b) of Civil Procedure, applicable to bankruptcy proceedings by Federal Rule 9024 of Bankruptcy Procedure. In its Motion, Conseco requested relief from the Order Confirming Plan and Resolving Motions ("Confirmation Order") the Court entered on September 19, 2001 because Willie L. Johnson ("Debtor") failed to provide Conseco with adequate and reasonable notice of its treatment under the Plan. Debtor responded to the Motion by arguing that it provided sufficient notice to Conseco. Based upon counsels' arguments and the pleadings, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule 52 of Civil Procedure, applicable to bankruptcy proceed-

ings by Federal Rule 7052 of Bankruptcy Procedure.[1]

## FINDINGS OF FACT

1. On July 18, 2001, Debtor filed his Notice, Chapter 13 Plan, and Related Motions. In the Plan, Debtor proposed to pay his arrearage on Conseco's secured claim while continuing his regular monthly payments outside the Plan.

2. On July 27, 2001, Debtor filed his First Amended Notice, Chapter 13 Plan, and Related Motions ("First Amended Plan"). In the First Amended Plan, Debtor valued the collateral securing Conseco's claim, and Debtor served the First Amended Plan on Conseco at the address listed for Conseco in his Schedules: 500 Landmark Towers, 345 St. Peter Street, St. Paul, Minnesota 55102–1641. Debtor, however, provided inadequate notice to Conseco of the valuation contained in the First Amended Plan as he failed to list Conseco in the Notice section designated by the Local Rules of this District for notice of motions for valuation.

3. On August 7, 2001, Conseco filed its Proof of Claim. In its Proof of Claim, Conseco indicated that all notices should thereafter be sent to the following address: P.O. Box 6154, MHD Bankruptcy Department, Rapid City, South Dakota 57709–9858.

4. On August 20, 2001, Debtor filed his Second Amended Notice, Chapter 13 Plan, and Related Motions ("Second Amended Plan"). Although Debtor corrected the notice deficiencies of the First Amended Plan in the Second Amended Plan, Debtor failed to serve the Second Amended Plan on Conseco at the address Conseco provided in its Proof of Claim.

5. On September 17, 2001, Conseco filed an Amended Proof of Claim.

6. Conseco failed to object to the Second Amended Plan or appear on September 19, 2001 at the confirmation hearing. The Court thereafter issued the Confirmation Order confirming Debtor's Second Amended Plan.

## CONCLUSIONS OF LAW

Conseco makes three arguments to support its conclusion that the notice of the valuation of its collateral was inadequate. First, Conseco asserts that Debtor failed to comply with Federal Rule 2002(g) of Bankruptcy Procedure because Debtor did not submit the Second Amended Plan to the address Conseco listed in its Proof of Claim. Conseco then argues that Debtor cannot rely on the First Amended Plan as notice of his motion to value the collateral securing Conseco's claim because the notice deficiencies of the First Amended Plan rendered it unconfirmable. Finally, Conseco argues that this situation is an exception to the usual *res judicata* effect of a confirmed plan because Conseco was denied due process for lack of notice of Debtor's proposed treatment of its lien as provided in the Second Amended Plan. In response, although Debtor admits he did not serve the Second Amended Plan to Conseco at the address it provided in its Proof of Claim, he argues that the notice of valuation that he provided Conseco for the First Amended Plan was sufficient notice for the Second Amended Plan as well. Debtor argues that the Second Amended Plan was substantially the same as the First Amended Plan; therefore, Conseco already knew of the proposed valuation of its claim. Finally, Debtor alleges he never

---

1. To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

was served with Conseco's Proof of Claim, which provided Conseco's proper mailing address for service.[2]

■ The Court agrees with Conseco that the Confirmation Order should be set aside as it relates to Conseco. Focusing on the Second Amended Plan, the Court finds that Debtor should have served this Plan to the address Conseco provided in its Proof of Claim filed on August 7, 2001. According to Federal Rule 2002 of Bankruptcy Procedure, debtors must send notice to all creditors at least twenty-five days prior to the time fixed for filing objections and the hearing to consider confirmation of a Chapter 13 plan. Additionally, Rule 2002(g) provides that, if a creditor has submitted a proof of claim, all notices required to be mailed pursuant to Rule 2002 should be sent to the address provided in the proof of claim. In its Proof of Claim, Conseco stated that all notices should thereafter be sent to P.O. Box 6154, MHD Bankruptcy Dept., Rapid City, South Dakota, 57709–9858. Debtor, however, failed to serve the Second Amended Plan at the address Conseco provided. Accordingly, Debtor provided inadequate notice to Conseco of the confirmation hearing on the Second Amended Plan.

■ Debtor may not rely on the First Amended Plan as sufficient notice that cures any notice defects of the Second Amended Plan. After all, the reason why Debtor filed a Second Amended Plan is because the First Amended Plan contained a notice deficiency under the Local Rules that rendered the plan unconfirmable. Pursuant to Local Rule 3015–1, Chapter 13 debtors in this district are required to use the form plan as provided in Local Official Form 3015–1(a). This form includes an initial notice section designed to alert creditors of debtors' proposals to value collateral and avoid liens. The District adopted this form in response to Fourth Circuit precedent, which provides that debtors who intend to hold a 11 U.S.C. § 506[3] valuation hearing must clearly inform creditors that such a hearing will be held. *See Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 163 (4th Cir. 1993). In the case before the Court, Debtor proposed to value the collateral securing Conseco's claim in the Plan itself, and Debtor served the First Amended Plan on Conseco. Debtor, however, provided inadequate notice to Conseco of the valuation contained in the Plan as he failed to list Conseco as an affected creditor in the initial notice section as required by Local Form 3015–1(a). It is incongruous and illogical, therefore, to conclude that Conseco had sufficient notice of Debtor's Motion for Valuation based upon the First Amended Plan, when the First Amended Plan

---

**2.** While it appears sensible for creditors to serve debtor's counsel with a copy of any proof of claim forwarded to the Bankruptcy Court for filing, there is no legal requirement to do so. Therefore, Debtor's response attributing his lack of knowledge of the new address for notice purposes to creditor's failure to serve him with the proof of claim must be overruled. As an aside, the Court notes that, in this District since January 1, 2001, proofs of claims are filed with the Clerk of the United States Bankruptcy Court. The Clerk enters these claims and images them so they are available for viewing by the public or parties in interest. Upon imaging, a creditor's ad-

dress, as indicated in the proof of claim, is entered on the claims register and also on the mailing matrix maintained by the Clerk if the address is different from any previous address listed for that creditor. Images of the proofs of claims, claims register, and mailing matrix are available for viewing by the public and parties in interest from the Clerk's office using the BANCAP case record system and directly to outside subscribers of the PACER system.

**3.** Further references to the Bankruptcy Code shall be by section number only.

could not be confirmed because of its notice flaws.[4]

Although confirmed plans are generally viewed as *res judicata* to all creditors, courts generally recognize an exception to such finality if a creditor was denied due process for lack of notice. *See In re Prima Lee Durham* 260 B.R. 383, 387 (Bankr.D.S.C.2001). After concluding that notice defects exist in the First and Second Amended Plans, the Court must now decide whether the inadequate notice constitutes a denial of due process in violation of the Fifth Amendment of the United States Constitution.

The United States Supreme Court defined the notice required to fulfill due process as being "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Linkous,* 990 F.2d at 162. In addition, courts will examine the contents of the notice as well as the totality of the circumstances in each case in order to determine whether reasonable notice was given to the creditor. *See Durham,* 260 B.R. at 387.

Because Debtor failed to comply with Rule 2002(g) and serve his Second Amended Plan on Conseco at the address it provided in its Proof of Claim, the Court finds that Conseco was denied due process for lack of notice. As noted previously, the Court rejects Debtor's defense that Conseco had sufficient notice of its treatment under the Second Amended Plan because of its similarly to the First Amended Plan, and the Court finds that, to accept this defense, the Court would have to approve of notice that is not reasonably calculated to apprise Conseco of the pendency of the confirmation and to afford it the opportunity to present its objections.

Although the Confirmation Order is not *res judicata* as to Conseco, the Trustee and Debtor request that the Court not disturb the plan as it relates to all other creditors in the interest of judicial economy and Debtor's compliance with the terms of the Plan. The Fourth Circuit has permitted such selective relief, and this Court agrees that this situation is one where selective relief is appropriate. *See Linkous,* 990 F.2d at 163 (affirming that a creditor's due process rights were violated based on inadequate notice of a § 506 valuation of its claim and finding that the inadequate notice was a sufficient ground for vacating, with respect to that creditor, the final order of the bankruptcy court but keeping intact the remainder of the order). Therefore, the Court vacates the Confirmation Order with respect to Conseco and holds that, upon a motion to value or objection to claim filed by Debtor within ten days of this Order, it will set a valuation hearing or hearing on Debtor's objection to Conseco's claim to determine the amount of Conseco's claim. Upon a ruling on Conseco's claim, Debtor may amend his plan if necessary. Upon failure of Debtor to proceed timely, Conseco may seek relief from the stay.

## CONCLUSION

It is therefore

---

4. Debtor offered no evidence that Conseco had actual effective notice of its Motion to Value. In any respect, by amending the Notice, Chapter 13 Plan, and Related Motions before confirmation, Debtor replaced the First Amended Plan with the Second Amended Plan.

**ORDERED** that the Confirmation Order as it relates to Conseco is vacated;

**IT IS FURTHER ORDERED** that, upon a proper motion or objection to claim by Debtor filed within ten days of this Order, the Court will schedule a hearing to determine the value of Conseco's claim and the collateral securing this claim.

**AND IT IS SO ORDERED.**