**In re Shamika STEVENS,
Chapter 13 Debtor.**

**Bankruptcy No. 98–35055–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

March 8, 1999.

Rand L. Gelber, Vienna, VA, for Educational Credit Management Corporation.

Charles H. Krumbein, Richmond, VA, for Debtor.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held February 17, 1999, on objection by Educational Credit Management Corporation to confirmation of debtor's second modified Chapter 13 plan. Debtor's first modified plan was confirmed by order entered October 21, 1998.

ECMA's objection was filed after the 30 day time limit for objecting to confirmation. However, it is this court's practice to consider the confirmability of a chapter 13 plan on the merits of the plan whether or not an objection is timely, and the court therefore considers the objection. ECMA holds a claim for an educational loan dischargeable only on the basis of undue hardship pursuant to 11 U.S.C. § 523(a)(8).

It objects to the plan provision which provides for the discharge of the education loan as an undue hardship.

The court will deny confirmation of debtor's second modified plan.

### Facts

Debtor filed this chapter 13 case on July 9, 1998. With debtor's consent the court denied confirmation of debtor's first plan. The first modified plan was confirmed without objection on October 21, 1998. The debtor filed a second modified plan on October 22, 1998. ECMA filed an untimely objection to confirmation of the second modified plan on December 4, 1998. Both the first modified plan, which was confirmed, and the second modified plan to which the creditor ECMA objects contain the following provision:

> The debtor hereby moves the Court for a Hardship Discharge Pursuant to 11 U.S.C. § 523(a)(8)(B). The Debtor asserts that excepting such debt from discharge under 11 U.S.C. § 523(a)(8) will impose an undue [sic] on the debtor and the debtor's dependants.

### Discussion And Conclusions

The court first notes that the ruling to be made here is a narrow one, i.e., whether the debtor's chapter 13 plan should be confirmed when it contains a provision that a nondischargeable debt will be discharged. However, a broader issue is raised due to the previous confirmation, which the court will also address.

■ Debtor asserts that the creditor's failure to timely object to confirmation of the second modified plan precludes denial of confirmation. It is debtor's position that confirmation of the plan will have the effect of discharging ECMA's educational loan, presumably upon the debtor's completion of plan payments. Notwithstanding the untimeliness of the objection, the court is obligated to consider the merits of the plan's confirmability.

■ The court rejects debtor's argument for two reasons: (1) Bankruptcy Code § 1328(a)(2) specifically provides that a completed plan does not discharge obligations excepted from discharge under § 523(a)(8).[1] (2) An action to except a debt from discharge must be brought by an adversary proceeding. *See In re Hinton,* 231 B.R. 384 (Bankr.S.D.Fla.1999); *In re Mammel,* 221 B.R. 238 (Bankr. N.D.Iowa 1998); *See generally,* 4 L. King, *Collier On Bankruptcy,* (15th ed. revised 1999) ¶ 523.04. The court considers this a due process requirement and will not permit the discharge of an otherwise nondischargeable debt by a provision of a chapter 13 plan.[2]

■ Accordingly, it does not matter that debtor's earlier plan, which sought to discharge the education loan as an undue hardship, has been confirmed. The provision cannot have the effect sought for it. When the debtor completes payment of the plan, then an appropriate adversary proceeding may be filed on the undue hardship claim.

The trustee is requested to submit an order denying confirmation.

---

1. *See In re Sutherland,* 161 B.R. 657 (Bankr. E.D.Ark.1993) (denying confirmation of a chapter 13 plan which the debtor argued should discharge a criminal restitution obligation, a debt also excepted from the chapter 13 discharge by § 1328(a)(3)).

2. The court has recently announced a ruling in a chapter 11 case pending in Alexandria division that a chapter 11 plan provision which denies the debtor's discharge in bankruptcy does not serve that purpose in the absence of an adversary proceeding. *In re Dameron,* 206 B.R. 394 (Bankr.E.D.Va.1998).