**In re Stephanie RUEHLE, Debtor.**

No. 98–62381.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

July 17, 2003.

Donald M. Miller, Canton, OH, for debtor.

Matthew J. Thompson, Nobile, Needleman & Thompson LLC, Columbus, OH, for creditor.

## MEMORANDUM OF DECISION

RUSS KENDIG, Bankruptcy Judge.

This matter is before the court on a motion filed on January 27, 2003 pursuant to Fed.R.Civ.P. 60(b)(4) and (6), incorporated by Fed.R.Bankr.P. 9024, for relief from an order discharging the student loan debt owed to Educational Credit Management Corporation (hereafter "ECMC").[1] Stephanie Ruehle (hereafter "Debtor") filed a response in opposition on February 27, 2003. The matter was taken under advisement. For the following reasons,

ECMC's motion is **GRANTED** because the order discharging the student loan debt is void pursuant to Fed.R.Civ.P. 60(b)(4).

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district on July 16, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The following are the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

## I. Summary of the Case and Issue

Debtor confirmed and completed a chapter 13 plan containing a clearly illegal student loan provision. It provided for discharging the student loan without an adversary proceeding. ECMC, the student loan lender, did not object or appeal. Debtor received her discharge on April 27, 2001, including the discharge of the remainder of her student loan debt. This procedure has been called "discharge by declaration." *In re Evans*, 242 B.R. 407, 413 (Bankr.S.D.Ohio 1999). ECMC seeks to unravel the process over one year after the discharge was entered.

The issue is whether a chapter 13 discharge granted pursuant to an illegal student loan provision is void pursuant to Fed.R.Civ.P. 60. Several courts have addressed this issue. A majority hold that a confirmed plan is res judicata, thereby placing the burden on the creditor to object to the offensive plan provision prior to confirmation. A minority hold that a "dis-

---

1. ECMC's motion is entitled "CREDITOR, EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S MOTION PURSUANT TO RULE 60(b)(4) AND 60(b)(6) FOR AN ORDER TO SET ASIDE THE DISCHARGE OF DEBT AS TO CREDITOR EDUCATIONAL MANAGEMENT CORPORATION." ECMC seeks relief from the discharge order under two separate theories. First, ECMC requests an order pursuant to Fed.R.Bankr.P. 9024, which incorporates Fed.R.Civ.P. 60, finding the order discharging the student loan debt entered on April 27, 2001 to be void pursuant to Fed.R.Civ.P. 60(b)(4). Alternatively, ECMC seeks relief pursuant to the catchall provision of Fed.R.Civ.P. 60(b)(6), which grants relief under "other" reasons the court deems justifiable. ECMC is not seeking to revoke debtor's discharge nor is it trying to revoke the confirmation order.

charge by declaration" plan provision does not afford a creditor due process and is void. This court joins a growing minority holding that such provisions should not be given res judicata effect due to a lack of due process.

## II. Facts

The facts are not in dispute. Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code on July 28, 1998. Debtor's schedules listed only one unsecured debt and one secured debt.[2] The secured debt was actually an executory contract with American Honda Finance for a lease on a 1997 Honda. The only other debt was the unsecured priority debt listed as owed to Bank One/Great Lakes Higher Education Corp. in the amount of $17,000.00 for student loans. This debt was assigned to ECMC on October 12, 1999. Debtor's plan, also filed July 28, 1998, consisted solely of the unsecured priority student loan debt for $17,000.00. The plan proposed to pay 5% of the debt over approximately forty months at $50.00 a month.[3] The plan contained the following provision:

(16) All timely filed and allowed unsecured claims, including the claim of Bank One/Great Lakes Higher Education, which are government guaranteed education loans, shall be paid five percent (5%) of each claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. Section 523(a)(8), excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor and the debtor's dependents.[4] Confirmation of

debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

¶ 16 of Debtor's plan filed July 28, 1998. No objections to the plan were filed and it was confirmed on October 16, 1998, Debtor completed all payments under the confirmed plan, was granted a discharge on April 21, 2001, and the case closed on May 1, 2001. ECMC moved to reopen the case on December 19, 2002, which motion was granted on December 23, 2002. Thereafter, ECMC filed its motion to vacate the discharge as to the debt owed to it.

## III. Procedural Nature of ECMC's Motion

ECMC seeks relief from the discharge order pursuant to Fed.R.Civ.P. 60(b)(4) and (6). Bankruptcy Rule 9024 incorporates Fed.R.Civ.P. 60 with three exceptions. Bankruptcy Rule 9024(1), (2) and (3) list certain actions that are subject to specific time limits not affected or altered by the language of Fed.R.Civ.P. 60. Bankruptcy Rule 9024(1) does not apply to the facts of this case because the matter at issue is not a motion to reopen a case nor does it involve claim allowance. Subsection (2) is also not applicable because it deals with revoking a discharge in a chapter 7 case pursuant to 11 U.S.C. § 727(e). Subsection (3) of Fed.R.Bankr.P. 9024 is also inapplicable but warrants a brief discussion.

Bankruptcy Rule 9024(3) states that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330." Section 1330 permits revocation of a con-

---

**2.** Debtor was fresh off a fresh start. Her previous chapter 7 case had just closed in April 1998.

**3.** The total distribution to the sole creditor, ECMC, was less than half of what was paid in. After deducting the refund to Debtor,

54.49% of all trustee distributions were paid to attorney fees and trustee commissions.

**4.** Debtor listed her status as single with no dependents.

**150**

firmation order within 180 days of such if the order was procured through fraud. Bankruptcy Rule 7001(5) requires that an action to revoke a confirmation order be brought in an adversary proceeding. ECMC is not seeking to revoke the order confirming Debtor's chapter 13 plan pursuant to § 1330(a). Nor is ECMC seeking to revoke Debtor's discharge pursuant to § 1328(e), which also requires an adversary proceeding pursuant to Fed. R.Bankr.P. 7001(4).

■ ECMC filed a motion seeking to find the discharge order void pursuant to Fed.R.Civ.P. 60(b)(4) or to be granted relief from the discharge order pursuant to Fed.R.Civ.P. 60(b)(6). A motion pursuant to Fed.R.Civ.P. 60 does not require an adversary proceeding. Nor is a motion pursuant to Fed.R.Civ.P. 60(b)(4) subject to any time limitations. "While Rule 60(b) requires motions under subsections (1), (2), and (3) to be made not more than one year after the judgment challenged, motions under subsection (4) are excepted, and thus may be brought at any time." *Medical Distribution, Inc. v. Quest Healthcare, Inc.*, No. 3:00CV–154–H, 2002 U.S. Dist. LEXIS 1692, at *3–4 (W.D.Ky. Feb. 1, 2002) (citing 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 2862 (2nd ed.1995); *United States v. Studak*, No. 32X 5571, 1994 U.S. Dist. LEXIS 12959, *4–5 (E.D.Mich. Aug. 19, 1994) (granting motion for vacatur nearly sixty years after judgment was entered stating that a motion pursuant to Rule 60(b)(4) which alleges a judgment is void may be brought at any time)).

■ If a judgment is found to be void, it is considered a legal nullity and a court has no discretion in determining whether it should be set aside. *Studak*, 1994 U.S. Dist. LEXIS 12959, at *4 (citing *Jordon v. Gilligan*, 500 F.2d 701, 704 (6th Cir.1974);

*Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.1987); (further citations omitted)). A void judgment must be vacated.

■ Vacating a void discharge order pursuant to Fed.R.Civ.P. 60(b)(4) is different than revoking a discharge pursuant to § 1328(e). A motion to revoke a discharge under § 1328(e) is only permitted if three conditions are met: (1) the motion is brought within one year of the discharge; (2) the discharge was procured through fraud; and (3) movant did not know of the fraud until after the discharge was entered. 11 U.S.C. § 1328(e). If these three conditions are met a court may grant a motion to revoke a chapter 13 discharge. A motion brought pursuant to Fed. R.Civ.P. 60(b)(4) alleges that the discharge order is void and is a legal nullity due to, in this case, a lack of due process. Black's Law Dictionary defines "void" as "[n]ull; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended." BLACK'S LAW DICTIONARY 1411 (5th ed.1979). A void order has no legal effect and is treated as if it never existed. Revocation is defined by Black's as "[t]he recall of some power, authority, or thing granted." BLACK'S LAW DICTIONARY 1187 (5th ed.1979). This implies that if an order is revoked the court had the power or authority to enter it, whereas an order that is void due to a lack of due process is a legal nullity entered by a court without authority to do so. ECMC argues that the discharge order is void pursuant to Fed. R.Civ.P. 60(b)(4) due to a lack of due process. If the court agrees with this argument and determines that the discharge order is void the court must vacate it, not revoke it. This is further discussed in section V subsection (C) hereafter.

## IV. Arguments Presented

ECMC makes two arguments pursuant to Fed.R.Civ.P. 60. First, ECMC agues that it should be relieved of the judgment because it is void pursuant to Fed.R.Civ.P. 60(b)(4). ECMC also avers it is entitled to relief pursuant to Fed.R.Civ.P. 60(b)(6) which allows relief from judgment for additional reasons not otherwise listed that a court finds justifiable. ECMC contends that the discharge violates § 523(a)(8) and Fed.R.Bankr.P. 7001(6) because the discharge of a student loan debt can be procured only through an adversary proceeding.

Debtor argues that res judicata applies to bar ECMC's attempt to vacate the discharge. Debtor also counters ECMC's arguments pursuant to Fed.R.Civ.P. 60. Debtor argues that pursuant to Fed.R.Civ.P. 60(b)(4) void judgments are only those entered by a court lacking jurisdiction, not judgments that are erroneous. Debtor contends that there was no jurisdictional defect in this case. Debtor also avers that Fed.R.Civ.P. 60(b)(6) only applies to circumstances not addressed in the first five numbered subsections of the rule, and ECMC cannot use section (b)(6) to argue legal error since legal error is addressed in section (b)(1).[5]

## V. Analysis

The Bankruptcy Code and Rules provide a clear procedure for the discharge of student loan debts. Debtor did not follow this procedure but received a discharge of the student loan debt owed to ECMC through an illegal provision in her chapter 13 plan. This court finds that ECMC did not receive due process of law because Debtor failed to institute an adversary proceeding to discharge her student loan debt, therefore, the order discharging the debt is void.

## A. 11 U.S.C. § 523(a)(8) Student Loan Dischargeability Generally

Student loans are not dischargeable in bankruptcy unless a debtor establishes that excepting the debt from discharge would impose an undue hardship. 11 U.S.C. §§ 523(a)(8), 1328(a)(2) (West 2003). The Rules require debtors to commence an adversary proceeding to discharge student loan debts. Fed.R.Bankr.P. 7001(6). This process is initiated by filing a complaint and serving it on the creditor with a summons. *See* Fed.R.Bankr.P. 7003 and 7004. The debtor bears the burden to establish undue hardship for the student loan debt to be discharged. 11 U.S.C. § 523(a)(8); Fed.R.Bankr.P. 7001.

Sections 727, 1328 and 523 contain provisions excepting student loans from discharge. Section 1328(a) provides that a court shall grant a debtor a discharge of debts after all payments under the plan are completed. This section is subject to three exceptions. Subsection (2) provides that a discharge will not include the discharge of debts "of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title." 11 U.S.C. § 1328(a)(2) (West 2003). Section 523(a)(8) provides that:

(a) A discharge under section ... 1328(b) of this title does not discharge an individual debtor from any debt-

. . . .

(8) for an educational ... loan made ... or for an obligation to repay

---

**5.** Debtor makes several arguments against the application of Fed.R.Civ.P. 60(b)(1) which deals with mistake, inadvertence, surprise or excusable neglect. While Debtor's contentions on this section are correct, ECMC makes no argument pursuant to subsection (b)(1) in its motion.

funds received as an educational benefit ... unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8) (West 2003) (emphasis added). Bankruptcy Rule 7001(6) requires that "a proceeding to determine the dischargeability of a debt" be brought in an adversary proceeding. Therefore, according to the Code and the Rules, the only way to discharge a student loan is to prove undue hardship in an adversary proceeding.

Debtor did not file an adversary proceeding to determine the dischargeability of her student loan debt in this case or her previous chapter 7 case. Instead, Debtor included a "discharge by declaration" provision in her chapter 13 plan, which paid ECMC 5% of its claim and discharged the remaining balance. Debtor's plan included no other unsecured creditors; those debts had been already discharged in her chapter 7. Debtor's sole purpose for filing this chapter 13 case was to attempt to discharge her student loan debt through an illegal plan provision.[6] Due to the novelty of this tactic, the plan was confirmed with the illegal student loan provision, and Debtor received a discharge after completion of the plan.

### B. Plan Confirmation and the Res Judicata Effect of § 1327

█ Section 1325 deals with plan confirmation and excepts from confirmation a plan that is "by any means forbidden by law." 11 U.S.C. § 1325(a)(3) (West 2003). The student loan provision in Debtor's plan is expressly forbidden by the language of both § 523(a)(8) and Fed.

R.Bankr.P. 7001(6). The plan should not have been confirmed, but because it was, Debtor asserts that pursuant to § 1327(a) the plan provision is binding on ECMC. Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such a creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a) (West 2003). Cases which hold that student loan provisions in confirmed plans are res judicata rely on this language to support their holdings.

The Ninth and Tenth Circuits in *In re Pardee*, 193 F.3d 1083 (9th Cir.1999) and *In re Andersen*, 179 F.3d 1253 (10th Cir. 1999) represent the majority. Both deal with student loan discharge provisions in chapter 13 plans. The Ninth and Tenth Circuits held that the student loan creditors' failure to object to confirmation of the plan or appeal the confirmation bound them to the terms of the confirmed plan by virtue of res judicata, even though the plan contained provisions that violated both the Code and the Rules. The courts impliedly held that § 1327(a) trumps §§ 1325(a)(3), 1328(c)(2) and Fed.R.Bankr.P. 7001.

#### 1. *In re Andersen*

The facts of *Andersen v. UNIPAC–NE-BHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999) are similar to those in this case. Debtor filed a chapter 13 plan which included the following provision:

All timely filed and allowed unsecured claims, including the claims of Higher Education Assistance Foundation and UNIPAC–NEBHELP, which are governmental guaranteed education loans,

---

**6.** If the student loan debt posed a hardship on the Debtor, she could have filed an adversary proceeding in her chapter 7. Instead Debtor filed a chapter 13 case with the sole purpose of discharging her student loan debt, attempting to avoid an adversary proceeding.

shall be paid ten percent (10%) of each claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned educational loans from discharge will impose undue hardship on the debtor and the debtor's dependents. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is discharged.

*Andersen*, 179 F.3d at 1254. This language is identical to that in the case at bar, save a change for the creditor and the percent to be paid. Higher Education Assistance Foundation (hereafter "HEAF") filed an untimely objection to confirmation, which was denied on that basis and the plan was confirmed. HEAF did not appeal confirmation and the debtor completed payments under the plan and received a discharge. HEAF's interest in the loan was later transferred to ECMC. ECMC attempted to collect on the loans and the debtor reopened her case and filed a complaint to determine dischargeability. The bankruptcy court held:

> Language in a plan does not constitute a judicial determination of hardship. HEAF and the other creditors were entitled to a higher level of due process before the confirmation of the plan invokes the concept of res judicata. Congress' clear intent to except student loans from discharge cannot be overcome simply by inserting language into a proposed plan providing that confirmation of the plan constitutes a finding of undue hardship.

*Id.* at 1255. Debtor appealed the bankruptcy court's decision to the Tenth Circuit B.A.P. *See In re Andersen*, 215 B.R. 792 (10th Cir. BAP 1998). The B.A.P. reversed the bankruptcy court holding that "confirmation of the plan constituted a finding of undue hardship, rendering the student loans dischargeable." *Andersen*, 215 B.R. at 796. ECMC appealed to the Tenth Circuit Court of Appeals.

The Tenth Circuit framed the issue as follows: "The real issue here is not whether Andersen properly met her burden of proving an undue hardship, which she clearly did not, but whether confirmation of the plan constitutes a binding adjudication of hardship." *Andersen*, 179 F.3d at 1256. While the court acknowledged that the plan should not have been confirmed, it reasoned that the plan was binding pursuant to § 1327(a) and not subject to a collateral attack.[7] *Id.* at 1259.

> The purpose of section 1327(a) is the same as the purpose served by the general doctrine of res judicata. There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order.

*Id.* (quoting 5 COLLIER ON BANKRUPTCY P. 1327.01[1] (15th ed.1996)). The court relied on the public policy in favor of finality to support its holding.

> [R]eviewing courts have been troubled by the tension created by the inclusion of arguably inappropriate plan

---

7. The court construed ECMC's attempts to avoid the discharge of its debt as a collateral attack on the judgment. Nowhere in the available record does it appear that ECMC brought a motion pursuant to Fed.R.Civ.P. 60 to vacate the discharge. It was the debtor that reopened her case to file a dischargeability complaint to find that the student loan debt had been discharged. The fact that ECMC's attack was construed as collateral and not direct is relevant because res judicata bars a collateral attack, but not a direct attack, on a final judgment. *See Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir.1985). Had ECMC challenged the discharge pursuant to Fed. R.Civ.P. 60, it could have been construed as a direct attack avoiding the application of collateral estoppel.

154

provisions and the need for finality in confirmed plan [sic].... Most courts ultimately defer to the doctrine of res judicata because of the compelling need for finality in confirmed plans. They, therefore, enforce offending plan provisions even though acknowledging that a provision may be contrary to the Code. This is a majority view.

*Andersen* 179 F.3d at 1258 (quoting *In re Mammel,* 221 B.R. 238, 240 (Bankr. N.D.Iowa 1998) (citations omitted)).

The court stressed the importance of a creditor's obligation to protect its own interests. "A creditor cannot simply sit on its rights and expect that the bankruptcy court or trustee will assume the duty of protecting its interest." *Andersen,* 179 F.3d at 1257 (citing *American Bank and Trust Co. v. Jardine Ins. Serv. Texas, Inc.,* 104 F.3d 1241, 1246 (10th Cir.1997) ("creditors are obligated to take an active role in protecting their claims"); *In re Szostek,* 886 F.2d 1405, 1414 (3rd Cir.1989)). The court quoted the Third Circuit, which stated:

> while we do not understate the importance of the obligation of the bankruptcy court or the trustee to determine that a plan complies with the appropriate sections of the Bankruptcy Code prior to confirmation of the plan, we nonetheless recognize that the affirmative obligation to object to the ... plan rested with [HEAF], not with the bankruptcy court or the trustee.

*Andersen,* 179 F.3d at 1257–58 (quoting *In re Szostek,* 886 F.2d at 1414).

The Tenth Circuit did not engage in an analysis of due process. It noted that ECMC failed to file an objection to the plan and in a footnote noted its agreement with the B.A.P. that " 'there [was] no allegation that HEAF did not receive notice of the plan, or that HEAF lacked the opportunity to object.' " *Andersen,* 179 F.3d at

1257 n. 6 (citing *Andersen,* 215 B.R. at 795). Citing again to the B.A.P. decision, the court found that because HEAF did not file an objection to the plan it was implied that HEAF knew " 'the plan intended to grant relief affecting HEAF's interests.' " *Id.* The Tenth Circuit thereby concluded its due process analysis, reasoning that "HEAF does not complain that it lacked adequate notice of Andersen's plan prior to confirmation, [therefore] 'it appears that due process has been accorded.' " *Id.*

### 2. *In re Pardee*

In *Great Lakes Higher Education Corp. v. Pardee (In re Pardee),* 193 F.3d 1083 (9th Cir.1999), the Ninth Circuit Court of Appeals, citing to *Andersen,* affirmed the Ninth Circuit B.A.P. holding that " 'the Plan [was] *res judicata* as to all issues that could have or should have been litigated at the confirmation hearing.' " *Id.* at 1087 (citing *In re Pardee,* 218 B.R. 916, 925 (9th Cir. BAP 1998)). *Pardee* deals with the discharge of post-petition interest on a student loan, not a discharge of the student loan debt itself. Nonetheless, as with a student loan debt, although not expressly stated in the Code, a debtor must commence an adversary proceeding to discharge post-petition interest on a student loan. *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964) (post-petition interest on a nondischargeable student loan is nondischargeable); *Wagner v. Ohio Student Loan Comm'n (In re Wagner),* 200 B.R. 160, 163 (Bankr. N.D.Ohio 1996).

The facts of *Pardee* differ from those of the case at bar and the *Andersen* case. The debtors in *Pardee* filed a chapter 13 plan which included a provision that proposed to pay the student loan creditor the entire amount of the loan and discharge any additional amounts, including any

claims for interest. Great Lakes did not object to the plan, it was confirmed, and Great Lakes did not appeal confirmation. The debtors completed the payments under the plan and received a discharge. Thereafter, Great Lakes attempted to collect $6,095.92 in interest that had accrued after the petition had been filed. The debtors filed a motion to enforce the discharge and enjoin Great Lakes' collection attempts. The bankruptcy court granted the motion and the Ninth Circuit B.A.P. affirmed. The case was appealed to the Ninth Circuit Court of Appeals.

ECMC made no motion pursuant to Fed.R.Civ.P. 60, therefore, the B.A.P. found ECMC's attack to be collateral, not direct. The court acknowledged that creditors are generally not required to object to plans that do not propose to pay postpetition interest since it cannot be collected through the estate pursuant to § 502(b)(2). *Pardee*, 218 B.R. at 922. Section 502(b)(2) provides that a claim for unmatured interest is not an allowed claim. 11 U.S.C. § 502. The court nonetheless held the creditor had an obligation to object to this particular plan provision because it proposed to discharge such interest. *Pardee*, 218 B.R. at 922. In affirming the B.A.P.'s decision, the Ninth Circuit held that:

> confirmation orders are final orders that are given preclusive effect. Regardless of whether the plan should have been confirmed with the discharge provision, the BAP was correct in holding that, "the Plan is res judicata as to all issues that could have or should have been litigated at the confirmation hearing."

*Pardee*, 193 F.3d at 1087 (quoting *In re Pardee*, 218 B.R. at 925).

The B.A.P. opinion in *Pardee* contained a strong dissent by Judge Klein, which was not addressed by the Ninth Circuit Court of Appeals. The dissent agreed that a confirmed plan is res judicata and not subject to a collateral attack but argued that ECMC asserted a direct attack premised on a lack of jurisdiction. "The distinction between a collateral attack and a direct attack matters because res judicata bars a collateral attack on a final judgment but does not bar a direct attack on a final judgment." *Pardee*, 218 B.R. at 932 (dissent Klein) (citing *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir.1985)). A litigant may make a direct attack pursuant to Fed. R.Civ.P. 60(b) upon the judgment before the court which rendered the judgment. *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir.1974).

> A direct attack on a judicial proceeding is an attempt to correct it, or to void it, in some manner provided by law to accomplish that object. It is an attack ... by appropriate proceedings between the parties to it seeking, for sufficient cause alleged, to have it annulled, reversed, vacated, or declared void.

*Pardee*, 218 B.R. at 933 (dissent Klein) (citing *Watts*, 752 F.2d at 410 (quoting 1B JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE P. 0.407, at 282 n. 1 (1984) (ellipsis in original))).

Judge Klein argued that ECMC made a direct attack on the judgment. ECMC appealed "an action by the debtors to obtain an injunction under 11 U.S.C. § 105, a necessary feature of which was the obligation of the court to assure that there was jurisdiction to have entered the original order in the first place." *Pardee*, 218 B.R. at 933. This, Judge Klein argued, was a direct attack on the confirmation order premised on a lack of jurisdiction which was properly brought before the same court that confirmed the plan. Judge Klein relied on *In re Escobedo*, 28 F.3d 34 (7th Cir.1994) to further support his argument. In *Escobedo* the bankruptcy court confirmed a plan that did not

comply with § 1325(a)(5) which requires full payment of all priority claims. Two years after the debtor completed payments under the plan, the trustee moved for an order requiring the debtor to modify the plan to comply with § 1325(a)(5) or have the confirmation order vacated and the plan dismissed. The debtor failed to modify his plan, and the bankruptcy court vacated the confirmation order five years after confirmation and dismissed the case. The Seventh Circuit Court of Appeals affirmed the dismissal holding that "the failure to comply with a mandatory statutory requirement for chapter 13 plans rendered 'any supposed confirmation nugatory [i.e. void] and properly dismissed.'" *Pardee*, 218 B.R. at 935 (quoting *Escobedo*, 28 F.3d at 35).

Because the plan did not comply with the requirements of §§ 523(a)(8) and 1328(a)(2) and ECMC's attack was direct and not collateral, Judge Klein reasoned that the court was required to vacate the confirmation order pursuant to Fed. R.Civ.P. 60(b)(4) to the extent that the order discharged a nondischargeable debt. *Pardee*, 218 B.R. at 935. "'A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside.'" *Id.* (citing *Watts*, 752 F.2d at 410 (quoting *Jordon*, 500 F.2d at 704) (citations omitted)).

## C. Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(4) and (6)

The gravamen of ECMC's motion is that the judgment should be set aside as void because Debtor did not provide proper or sufficient notice that the student loan debt was subject to dischargeability. ECMC argues that the court did not obtain personal jurisdiction to enter the order because ECMC was not afforded due process. ECMC moves for relief under Fed. R.Civ.P. 60(b)(4) and (6).

Motions for relief from judgment are governed by Fed.R.Bankr.P. 9024, which adopts, with certain limitations not applicable here,[8] Fed.R.Civ.P. 60. Subsection (b) specifically sets forth the grounds for which relief may be granted. It provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Debtor argues that ECMC is not entitled to relief under Fed.R.Civ.P. 60(b)(4) or (6).

## 1. Federal Rule of Civil Procedure 60(b)(6)

Debtor's argument that Fed. R.Civ.P. 60(b)(6) is unavailable to ECMC is correct. Federal Rule of Civil Procedure 60(b)(6) is a catchall provision that provides relief "for any other reason justifying relief from the operation of judgment." This prong has limited application. "Rule 60(b)(6) applies only in 'exceptional or extraordinary circumstances which are

---

**8.** As mentioned earlier, while the differences in Fed.R.Civ.P. 60 and Fed.R.Bankr.P. 9024 do not apply to the facts of this case, Bankruptcy Rule 9024 states that:

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a

contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

not addressed in the first five numbered clauses of the Rule.'" *Medley v. Educational Credit Mgmt. Corp.*, 5:99–CV–14–1463 at * 8 n. 2 (N.D.Ohio Dec. 13, 1999) (unreported) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989)), *see also Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 439 (6th Cir.2002). ECMC's claim for relief is based on a lack of due process and falls under Fed.R.Civ.P. 60(b)(4), therefore, relief under subsection (b)(6) is not warranted.

### 2. Federal Rule of Civil Procedure 60(b)(4)

■ While ECMC does not qualify for relief under Fed.R.Civ.P. 60(b)(6), it is entitled to relief pursuant to Fed.R.Civ.P. 60(b)(4). In order to obtain relief from the order discharging Debtor's student loan debt, ECMC must show that the judgment was void. A court may grant relief from a judgment that is void pursuant to Fed. R.Civ.P. 60(b)(4). "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Medley* at *7 (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir.1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir.1992) (citation omitted) (emphasis added))). Whether a judgment is void hinges on whether due process was violated, which requires an examination of the service and notice provided by Debtor.

ECMC received notice of the confirmation hearing not notice of a dischargeability action. The procedure to discharge a student loan is clearly set out in the Bankruptcy Code and Rules and Debtor's failure to follow the process violated ECMC's right to due process of law. Section 523(a)(8) excepts student loans from discharge absent a showing of hardship. A debtor must bring an adversary proceeding to establish hardship. 11 U.S.C. § 523(a)(8) (West 2003); Fed.R.Bankr.P. 7001(6). An adversary proceeding is initiated by the filing of a complaint and a summons and service of process pursuant to Fed.R.Bankr.P. 7004(b). Fed. R.Bankr.P. 7003 and 7004. Because a student loan debt is only dischargeable through an adversary proceeding, creditors expect a summons and service of process if dischargeability of the student loan is being challenged. ECMC did not receive a summons which would have adequately informed the creditor that its debt was subject to dischargeability at confirmation, therefore, ECMC did not receive due process of law.

### D. Notice and Due Process Requirements

According to the Sixth Circuit Court of Appeals, "[d]ue process does not require actual notice, but rather notice that is 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Al–Rawahneh v. Immigration and Naturalization Serv.*, 38 Fed.Appx. 271, 275 (6th Cir.2002) (unreported) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The notice ECMC received apprised it of plan confirmation not student loan dischargeability. Plan confirmation is of little consequence to student loan creditors. While they may receive payments under the plan, completion of the plan does not discharge a debt owed to a student loan creditor. 11 U.S.C. § 1328(a)(2) (West 2003). Proper notice that a student loan is subject to dischargeability arrives with service of a summons and a complaint pursuant to § 523(a)(8). Student loan creditors have limited reason to take interest in plan confirmation, but a

summons and complaint to determine dischargeability sounds the alarm. The Ninth and Tenth Circuits failed to evaluate the due process concerns of a "discharge by declaration" plan provision, which resulted in an incomplete analysis of the issues. A creditor's failure to argue lack of due process does not mean that due process was accorded.

This court agrees with a growing line of cases that concur with Judge Klein's dissent in the *Pardee* B.A.P. decision that student loan discharge provisions in chapter 13 plans do not afford due process. Much of the disagreement with *Andersen* and *Pardee* arises in *dicta* because the courts became aware of the illegal plan provisions prior to confirmation. More recently, in *In re Banks,* 299 F.3d 296 (4th Cir.2002), the Fourth Circuit Court of Appeals, dealing with a case more factually similar to *Pardee,* held that the creditor did not receive adequate notice of the debtor's intent to discharge the post-petition interest on the student loan. The debtor had included a "discharge by declaration" provision in his plan and did not file an adversary proceeding to discharge the debt which required a summons and service of process, thereby not affording the creditor due process.

### 1. *In re Banks*

The debtors in *Banks* filed a chapter 13 plan with the following language:

Class I: Claims consisting of student loans for Debtor Christopher P. Banks (Sallie Mae). The Trustee shall pay to this Class $4,104.23, which is 13% of its anticipated allowed proved claim of $31,571.03. During the pendancy [sic] of this case, no interest, penalties, late charges or costs of collection, including attorney's fees, shall accrue. Payments made by the trustee shall be applied directly to principal and, upon his discharge, Debtor Christopher Banks shall be liable for only the unpaid balance of his prepetition debt.

*In re Banks,* 261 B.R. 896 (Bankr.W.D.Va. 2001). The student loan creditor did not object to confirmation or appeal the confirmation order. Approximately three months after the debtors received their discharge, the student loan creditor sent a letter seeking to collect the balance of the note plus interest. The debtors reopened their case and filed an adversary proceeding seeking a declaratory judgment that the student loan was discharged. The creditor filed a counterclaim to find the post-petition interest nondischargeable. The parties filed cross motions for summary judgment. In granting summary judgment in favor of the debtors, the bankruptcy court, relying on *Pardee,* held that while the debtors did not follow the proper procedures to discharge the student loan interest, "the judicial policy of favoring finality of confirmation must prevail in this case." *Id.* at 901. The creditor appealed to the district court.

The district court reversed the bankruptcy court holding that because the debtor "included improper language in his Chapter 13 Plan, that the confirmation of the Plan denied ECMC its due process rights, and that the post-petition interest on Mr. Banks' student loan is not dischargeable, the decision of the bankruptcy court must be reversed." *SallieMae Servicing v. Banks,* 271 B.R. 249, 251 (W.D.Va.2001). The Fourth Circuit balanced the public policy desire for finality of orders against the creditor's right to due process of law and held that "an order may not operate as *res judicata* should it result in the denial of a creditors' [sic] due process rights." *Id.* at 254 (citing *In re Linkous,* 990 F.2d 160, 162 (citing *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)

("an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"))). *See also, Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 93 (4th Cir.1995). The district court expressed disagreement with the Ninth Circuit's holding in *Pardee* but noted that the creditor in *Banks* was subject to even less notice than the creditor in *Pardee* because the plan provision did not contain any type of discharge or hardship language. The debtor appealed the district court holding to the Fourth Circuit Court of Appeals.

In affirming the district court, the Fourth Circuit focused on due process. "The creditor received 'notice' of the plan provision pursuant to Bankruptcy Rule 2002 rather than service of process under Bankruptcy Rule 7004." *Banks,* 299 F.3d at 301. Notice under Fed.R.Bankr.P.2002 does not provide the creditor with specific notice of plan provisions that may affect them, "nor does it require the notice to be served in any particular manner or upon any particular person. 'There are many aspects to and actions that may be taken in bankruptcy cases which affect the general administration of the case and all creditors generally, but none specifically.' " *Id.* (quoting *In re Boykin,* 246 B.R. 825, 828–29 (Bankr.E.D.Va.2000)). The Fourth Circuit reasoned that general matters that affect all creditors equally only require notice pursuant to Fed.R.Bankr.P.2002, but matters that directly affect the rights of a specific creditor require service. *Id.* (citing Fed.R.Bankr.P. 7003 and 7004). The court noted that merely "[m]ailing the proposed plans, the hearing notice, and the confirmation order satisfies the 'notice' requirement under Rule 2002, but not the service and summons requirements of

Rule 7004." *Id.* "Where the Bankruptcy Code and Bankruptcy Rules specify the notice required prior to entry of an order, due process generally entitles a party to receive the notice specified before an order binding the party will be afforded preclusive effect." *Id.* at 302 (citing *Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160, 162 (4th Cir.1993) (quoting *Mullane v. Central Hanover Bank and Trust,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)(emphasis added)); *Cen–Pen Corp. v. Hanson (In re Hanson),* 58 F.3d 89, 93 (4th Cir.1995)).

The Fourth Circuit affirmed the district court holding that "[t]he provision in Banks' chapter 13 plan purporting to discharge the interest violated ECMC's due process rights and is not entitled to preclusive effect." *Id.* at 303. The debtor's failure to initiate an adversary proceeding to discharge the student loan interest did not provide the creditor with adequate notice of the debtor's intent to discharge the post-petition interest on the debt.

### 2. Other Bankruptcy Court Decisions Focusing on Due Process

*In re Stevens,* 236 B.R. 350 (Bankr. E.D.Va.1999) was decided by a bankruptcy court three years before the Fourth Circuit's decision in *Banks.* In *Stevens* the debtor filed a chapter 13 with a student loan discharge provision. The plan was confirmed without objection. The debtor then filed a second modified plan. ECMC, the student loan creditor, filed an untimely objection to the second amended plan which also contained the student loan discharge provision. The court considered the objection regardless of its untimeliness. The court focused on two specific points. One, § 1328(a)(2) does not discharge an obligation excepted from discharge pursuant to § 523(a)(8). Two, a debtor must bring an adversary proceed-

ing to except a nondischargeable debt from discharge. "The court considers this a due process requirement and will not permit the discharge of an otherwise nondischargeable debt by a provision of a chapter 13 plan." *Stevens*, 236 B.R. at 352. The court denied confirmation of the second amended plan and held that the student loan provision in the prior confirmed plan would not be given effect after the plan was completed. *Id.* If the debtor wanted the debt discharged he would have to bring an adversary proceeding pursuant to § 523(a)(8). *Id.*

*In re Lemons*, 285 B.R. 327 (Bankr. W.D.Okla.2002) is a preconfirmation case that relies on *Banks'* due process analysis. *Lemons* came before the court on a show cause order after the court denied confirmation of a chapter 13 plan that contained a "discharge by declaration" provision. In discussing whether the attorney should be sanctioned, the court addressed the concerns with "discharge by declaration" provisions.

> This court agrees with the numerous courts that characterize *Andersen* as a *res judicata* case, and further agrees with the *Banks* court that the *Andersen* court failed to address the due process requirements. Accordingly, in the absence of guidance on this issue from *Andersen*, this Court will follow the *Banks* decision and will enforce compliance with the due process requirements set forth in the Bankruptcy Code and Rules.

*Lemons*, 285 B.R. at 331. The court found that counsel violated Fed.R.Bankr.P. 9011(b) and sanctions were appropriate. The court admonished the offending attorney and threatened him with monetary sanctions if the violation occurred again. The court further required him to "purge the offending language from proposed plans in pending cases and to take appro-

priate action in confirmed cases in which the plans include the offensive language." *Id.* at 333. Additionally, the court illustrated its distaste for "discharge by declaration" provisions by using the opinion to place all bankruptcy counsel on "notice of [the] Court's dim view of other efforts of gamesmanship ... especially those delineated within 'discharge by declaration' .... This Court 'may impose sanctions on it own initiative,' Rule 9011(c)(1)(B), and will not hesitate to take appropriate action to deter such conduct." *Id.*

*In re Mammel*, 221 B.R. 238 (Bankr. N.D.Iowa 1998) is another preconfirmation case where the court denied confirmation of a chapter 13 plan, which included a "discharge by declaration" provision. In *dicta*, the court discussed the split among courts on the res judicata issue arising after such provisions were confirmed. In denying confirmation, the bankruptcy court held that the plan was inconsistent with § 1328 and § 523 as well as due process. The court found "[i]t is inappropriate to bind these creditors to a determination which unilaterally changes the rules. This is particularly true when a default is sought in a proceeding in which the student loan creditors may well have no reasonable expectation that they were required to participate to preserve their rights." *Id.* at 243.

The above include both pre and postconfirmation cases where courts addressed the due process concerns with discharging student loan debts through chapter 13 plan confirmation. These cases illustrate a growing concern with the lack of due process afforded in cases with "discharge by declaration" provisions. All courts, including the Ninth and Tenth Circuits, that have addressed the issue expressed a distaste for the lack of proper procedure. *Andersen* and *Pardee*, while acknowl-

edging the lack of proper procedure, failed to address the due process concerns.

### 3. Case Law from Courts within the Sixth Circuit

While the Sixth Circuit has not yet addressed the "discharge by declaration" issue, a few bankruptcy and district courts have issued opinions on the matter.

#### a. *In re Evans*

*In re Evans*, 242 B.R. 407 (Bankr. S.D.Ohio 1999) is a preconfirmation case where the bankruptcy court denied confirmation of a chapter 13 plan, which included a "discharge by declaration" provision. The court addressed the issue *sua sponte* because neither the trustee nor the student loan creditor objected to confirmation of a plan which included the following language:

> All timely filed and allowed unsecured claims, including the claims of U.S. Department of Education, which are governmental guaranteed education loans, shall be paid ten percent (10%) of each claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned educational loans from discharge will impose undue hardship on the debtor. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

*Evans*, 242 B.R. at 409. The debtor relied on *Andersen* and *Pardee* to support its argument in favor of confirmation. The court held that such reliance was misguided because *Andersen* and *Pardee* were postconfirmation cases. *Id.* at 411. The bankruptcy court held that the "discharge by declaration" provision violated § 523(a)(8) as well as Fed.R.Bank.P. 7001(6) and 7004(b)(4) and was not confirmable. *Id.* at 409. Showing its disap-proval of such plan provisions, the court evaluated Fed.R.Bankr.P. 9011 and ordered debtor's counsel to appear and show cause why he should not be sanctioned for including a plan provision that was clearly illegal under both the Bankruptcy Code and Rules. *Id.* at 413.

#### b. *Medley v. Educational Credit Mgmt. Corp.*

*Medley v. Educational Credit Mgmt. Corp.*, 5:99–CV–14–1463, (N.D. Ohio Dec. 13, 1999) (unreported), is a postconfirmation case that resulted from an appeal of an order that revoked confirmation of a plan provision discharging a debtor's student loan debt. Debtor filed a chapter 13 plan, which included a "discharge by declaration" provision. ECMC failed to object to confirmation, and the bankruptcy court confirmed the plan. ECMC did not appeal the confirmation order but instead filed a motion seeking partial revocation of the confirmed plan. The motion was granted, and the debtor appealed to the district court arguing that the bankruptcy court should have denied ECMC's motion pursuant to § 1327(a) on res judicata grounds.

The district court reversed the bankruptcy court's order but relied on grounds other than res judicata. The district court construed ECMC's motion as a direct attack on the order confirming the plan. The court thereby "reject[ed] the [debtor's] argument that the doctrine of res judicata prevented the bankruptcy court from partially revoking the confirmed plan." *Id.* at 7. The district court then evaluated whether ECMC's challenge to the confirmation order was procedurally sound; it concluded it was not.

ECMC sought relief pursuant to Fed. R.Civ.P. 60(b)(4) and (6). ECMC was not entitled to relief under Fed.R.Civ.P. 60(b)(6) because it was factually inapplicable. The court denied relief pursuant to

Fed.R.Civ.P. 60(b)(4) holding that the bankruptcy court did not lack jurisdiction therefore its order was not void. "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Id.* at 8 (quoting *Antoine v. Atlas Turner, Inc.* 66 F.3d 105, 108 (6th Cir.1995) (quoting *In re Edwards,* 962 F.2d 641, 644 (7th Cir.1992) (citation omitted)(emphasis added))). The court stated that "the bankruptcy court had jurisdiction over both the subject matter and the persons involved in the proceeding. Therefore, though the court's judgment may be in error, it is not void." *Id.* The district court did not evaluate whether the bankruptcy court acted in a manner inconsistent with due process in confirming the plan with the "discharge by declaration" provision, apparently because the issue was not raised. This court agrees with *Medley's* analysis to the point at which it stopped. The question is whether due process is inherently absent in a confirmed "discharge by declaration" provision. The answer to this unasked question is what is needed.

### c. *In re Kaufman*

In *Kaufman v. Case W. Reserve Univ. (In re Kaufman),* No. 3:02–0650, 2002 WL 31972171, 2002 U.S. Dist. LEXIS 23903 (M.D.Tenn. Nov.14, 2002) the debtor filed a chapter 11 plan which included a "discharge by declaration" provision. The plan was confirmed without objection, and the debtor completed the payments under the plan. The debtor later filed a complaint to determine dischargeability of the student loan debt. The plan contained the following provision, which the debtor relied on in arguing that the student loans was discharged:

> Class 2 includes all remaining unsecured creditors and shall be paid the total of $750.00 per month until the aggregate of $45,000.00 had been [sic] for distribution in this class. The funds available for the allowed claims in this class will be paid, pro rata. The payment contemplated herein shall commence thirty (30) days after the Effective Date of the plan and on the fifteenth (15th) day of each month thereafter until paid as contemplated under this section under the plan.

*Id.* at *1, 2002 U.S. Dist. LEXIS 23903 at * 2. The student loan creditors were Class 2 creditors. The bankruptcy court ruled that the student loans were not discharged pursuant to the chapter 11 plan because the creditor had not been afforded due process. The debtor appealed to the district court.

The district court affirmed the bankruptcy court ruling that the plan was not res judicata because it failed to provide the creditor with adequate notice. "While the Appellees received notice of the Debtor's proposed plan, they did not receive adequate notice that the Debtor purported to discharge his student loan through the plan." *Id.* at *4, 2002 U.S. Dist. LEXIS 23903 at *12.

The discharge provision in this case is distinguishable from those in *Andersen* and *Pardee.* The plan language in *Kaufman* did not specifically refer to the student loan debts or to the student loan creditor, nor did it include discharge language. In agreeing with *Kaufman,* the court acknowledges this distinction, but the distinction is legally irrelevant. Even had Kaufman included language in his plan that specifically referred to the student loan creditor, due process would not have been afforded. The notice would have been insufficient due to the absence of a summons and an adversary proceeding.

### d. *In re Harris*

While Harris is not a student loan dischargeability case, it deals with plan con-

firmation and due process issues that are relevant to this case. The debtors in *In re Harris*, 293 B.R. 438 (Bankr.N.D.Ohio 2003) confirmed a chapter 13 plan that provided a vehicle would be surrendered to the creditor in full satisfaction of the debt upon completion. The creditor did not file an objection to confirmation of the plan but had previously filed a proof of claim in the amount of $10,839.19. The creditor filed a motion and was granted relief from the automatic stay and liquidated the vehicle for $5,200.00. The order for relief issued by the court contained the following standardized provision used by the bankruptcy courts in the Northern District of Ohio: "Movant is directed to file a report of sale promptly following the liquidation of the collateral if any excess proceeds have been received and Movant is given leave to file an unsecured deficiency claim within sixty (60) days after liquidation of the collateral, if such claim exists." *Harris*, 293 B.R. at 440 (citing to Doc. No. 28). The parties then filed briefs disputing whether this provision permitted the creditor to file a deficiency claim in contravention of the language of the confirmed plan which stated the surrender of the vehicle fully satisfied the debt.

The debtors sought to strike the above provision from the order granting relief and also objected to the creditor's proof of claim arguing that the binding effect of § 1327(a) did not permit the creditor to file a deficiency claim. The court found the binding effect of a confirmed plan pursuant to § 1327(a) was not absolute where the confirmation violated the creditor's due process rights by precluding it from filing a deficiency claim "despite the existence of a Court order permitting the filing of such a claim." *Harris*, 293 B.R. at 441 (citing *Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 948 (11th Cir.1995); *In re Grogan*, 158 B.R. 197, 199 (Bankr.E.D.Cal.1993);

*In re Chang*, 274 B.R. 295, 301–02 (Bankr. D.Mass.2002)).

The creditor received a copy of the debtors' proposed plan and was afforded an opportunity to object to confirmation, but the court found the creditor was not afforded due process because it did not "receive reasonable notice that the Debtors were going to seek to impair its proof of claim." *Id.* The court held that the creditor had a right to rely on the terms of a validly issued court order without any further notice that the terms would change. *Id.* (citing *In re Falk*, 96 B.R. 901, 909 (Bankr.D.Minn.1989)). Additionally, the court relied on the "last in time" rule which states when two decisions are inconsistent, the latter of the decisions prevails. *Id.* The court noted the incongruity between the binding effect of § 1327(a) and the claims allowance process in § 502 has split courts. The "emerging view [is] that, despite the res judicata effect of § 1327(a), an allowed proof of claim may not be altered by a contrary provision set forth in a confirmed plan of reorganization under Chapter 13." *Harris*, 293 B.R. at 442 (citing *In re Rodnok*, 197 B.R. 232 (Bankr. E.D.Va.1996)).

In further discussing due process concerns, the court stated that the debtors' reliance on the res judicata effect of § 1327(a) attempted to bypass the noticing procedure for objecting to proofs of claim in Fed.R.Bankr.P. 3007. Bankruptcy Rule 3007 requires that an objection to claim be filed in writing and served on the claimant, the debtor or debtor-in-possession, and the trustee with a notice of hearing thirty days before such hearing. If the objection requests relief of the kind specified in Fed. R.Bankr.P. 7001, it becomes an adversary proceeding. Fed.R.Bankr.P. 3007. The creditor in *Harris* was entitled to the notice provided for in Fed.R.Bankr.P. 3007 but was only served with a copy of the

proposed plan which purported to alter its proof of claim, so the court held that "the standard for due process clearly requires greater notice than what was provided in this case." *Id.*

## VI. Conclusions

 The *Harris* case is analogous to the case at bar. Debtor in this case attempted to bypass the procedural requirements of § 528(a)(8) and Fed. R.Bankr.P. 7001(6) by confirming a plan with a student loan discharge provision and relying on the res judicata effect of § 1327(a) when the creditor attempted to collect the student loan debt. Due process requires that a creditor receive notice that is reasonably calculated, under all circumstances, to apprise the creditor that its rights may be altered. *See Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). A copy of a proposed chapter 13 plan and a confirmation hearing notice do not reasonably apprise a student loan creditor whose debt, pursuant to the Bankruptcy Code and Rules, can only be discharged through an adversary proceeding, that its debt is subject to dischargeability.

The case law from the lower courts in the Sixth Circuit is more similar to the Fourth Circuit's holding in *Banks* than the holdings of the Ninth and Tenth Circuits in *Andersen* and *Pardee.* While the Ninth and Tenth Circuits *may* remain the majority, a growing number of cases have ruled to the contrary upon a lack of due process.

The majority rule embodies many of the dangers inherent in winking at due process, which is the cornerstone of justice. First, it ignores the clear intent of Congress and the Judicial Conference in favor of individual judicial legislation. Congress, in the Code, and the Judicial Conference, in the rules, require an adversary proceeding. Second, it enriches and emboldens those who take what is not theirs and legitimizes it with court sanction. Those who push past the edge of propriety in fundamental rights are rewarded.

Third, the majority rule violates the entitlement to certainty and consistency and the benefits resulting therefrom, not the least of which is the economic efficiency of being able to plan. A clear rule set forth in the Code and Rules allows for a simple process. Student loan lenders, who receive tidal waves of mail, can easily prioritize. If it is an adversary proceeding and has a summons, then it is identified for immediate action. The quantity of "notice" that is issued by the bankruptcy system is so overwhelming that it is necessary to have clear rules in order for creditors to know what notices to notice as opposed to the notices that are deafening legal background noise. The Code and the Rules set forth those clear standards and it is up to the courts to ensure that the lines are not blurred.

Fourth, the issue strikes at the core of American legal values. "The history of American freedom is, in no small measure, the history of procedure," *Malinski v. New York,* 324 U.S. 401, 414, 65 S.Ct. 781, 89 L.Ed. 1029 (1945) (opinion of Frankfurter, J.). That quote doesn't just sound good. It's true. Every person and entity is entitled to the prescribed level of notice for the process to be due and only thereafter may the coercive power of the government be used against them. Imagine an analogous situation. Assume that a plaintiff files a motion instead of a complaint in United States District Court. The motion demands something, money or a declaratory judgment. Plaintiff obtains no summons and mails the motion via ordinary mail. The court, in the crush of business, erroneously enters an order of default after the purported defendant fails to answer. Years later, defendant discovers

that plaintiff has an order that plaintiff owns defendant's house or that defendant "owes" plaintiff $ 2,000,000.

Years later, the court would not hesitate to set aside such an order. Due process demands a complaint and a summons. The rule is clear. The rule is no less clear with regard to student loans, and so, we must not engage in complex rationalizing to dignify a denial of fundamental rights. Due process is not to be sliced, diced and disguised with sauce. Due process must be served whole, without garnish.

Based on the foregoing, ECMC's motion to vacate the discharge of Debtor's student loan debt is **GRANTED**.

An appropriate order shall enter.